PHILIP DECK, PLAINTIFF IN ERROR, v. EMILE SMITH, DEFENDANT IN ERROR.

| 12 | 205 |
| 13 | 199 |
| 12 | 205 |
| 27 | 619 |

1. **Bill of Exceptions.** It is the duty of the adverse party, upon receiving a bill of exceptions, to propose amendments thereto,.

and return such bill with his proposed amendments within the time limited by statute to the party proposing the bill.

2. ———. A judgment was rendered in February, 1880. Court adjourned *sine die* on the 21st day of March thereafter, forty days having been given to reduce the exceptions to writing. The bill was prepared and submitted to the attorney for the adverse party, on the 24th day of April, who permitted it to remain in his office until the 7th day of June, but proposed no material amendment thereto. On the 8th day of June the bill was presented to the judge, who afterwards signed the same. *Held*, That the bill would not be quashed on the motion of the attorney for the adverse party, because not signed within the time limited by statute.

MOTION to quash bill of exceptions.

*M. H. Sessions*, for the motion.

*L. C. Burr, contra.*

MAXWELL, CH. J.

This is a motion filed on behalf of the defendant in ·error to quash the bill of exceptions. The plaintiff was granted forty days from the rising of the court to prepare a bill of exceptions. Court adjourned *sine die* on the 21st day of March, 1880. On the 24th of April of that year, the attorney for the plaintiff prepared the bill and submitted it to the attorney for the defendant. This bill was retained in the office of the defendant's attorney until the 7th day of June of that year. The reason assigned for the delay by the attorney of the defendant in his affidavit is " that said bill of exceptions was laying in my office during the whole time, and it entirely escaped my memory that it was there," etc. No material amendments to the bill were suggested by him. On the 8th day of June, 1880, the attorney for the plaintiff presented the bill to the judge for his signature, and the bill was signed without date, but the certificate recites the cause of delay in settling the bill. Afterwards, on the 23rd of December, 1880, the judge erased his name from the

certificate, while the bill was on file in the clerk's office, and attached another certificate, duly signed, but stating that the bill was presented to him for his signature in December, 1880. The defendant's motion is to quash the bill, because not signed within the time required by law.

Sec. 311 of the code provides that: "When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within fifteen (15) days, or in such time as the court may direct, not exceeding forty (40) days from the adjournment of the court *sine die*, and submit the same to the adverse party or his attorney of record for examination and amendment, if desired. Such draft must contain all the exceptions taken upon which the party relies. Within ten days after such submission the adverse party may propose amendments thereto, and *shall return said bill with his proposed amendments to the other party*, or his attorney of record."

It is the duty of the adverse party to propose amendments if the bill is incorrect, and return the bill with the proposed amendments to the party excepting or his attorney. See *First National Bank v. Bartlett*, 8 Neb., 319. He cannot close his office, or place the bill where it will be overlooked or forgotten, and then plead his own neglect to deprive the party excepting of his rights. Matters of mere form in settling bills of exceptions are construed very liberally to save the rights of parties. The judge, having signed the bill, had no authority to erase his name therefrom after the same was filed. But as the only material objection to the bill is the delay in signing the same, and as such delay was the fault of the attorney for the defendant, the motion to quash is overruled.

MOTION OVERRULED.