## CATE & FORISTALL V. FRANK HUTCHINSON.

FILED MARCH 8, 1899.     No. 8785.

1. **Pleading:** INCONSISTENT DEFENSES. An answer in an action on an account for services which contains a general denial of the essential facts of the petition and avers that the charges in the itemized account are unreasonable and unjust does not present inconsistent defenses.

2. ———: ———. A defendant may plead as many grounds of defense as he may have, provided they are not so repugnant that if one be true another must be false.

3. ———: AMENDMENTS. Prejudicial error cannot be predicated on an order allowing a pleading to be amended when the amendment does not change the issues, nor affect the *quantum* of proof as to any material fact.

4. **Physicians:** ACTION FOR SERVICES: EXPERT EVIDENCE. In an action to recover for services rendered it is error to exclude the testimony of a witness who has shown himself qualified and competent to testify as to the character and value of the services.

Cate v. Hutchinson.

ERROR from the district court of Nuckolls county. Tried below before HASTINGS, J. *Reversed.*

*W. A. Bergstresser* and *George B. France,* for plaintiffs in error.

*Cole & Brown, contra.*

SULLIVAN, J.

Cate & Foristall are licensed physicians and surgeons engaged in the practice of their profession at Nelson, in this state. They brought this action against the defendant to recover the sum of $176.04, claimed to be a balance due on account for medical services rendered the Hutchinson family in the year 1894. The first defense pleaded in the answer was in substance a general denial; the second that many of the visits included in the itemized account were gracious acts of friendship and not made in the performance of a professional duty; the third alleged that the charges made in the plaintiffs' account were "unreasonable, unjust, exorbitant, and far in excess of the amount charged by physicians in good standing in the community for like services." The second and third defenses were assailed by motion and stricken out before the trial. A trial of the cause to a jury in the district court resulted in a verdict and judgment against Hutchinson for $1. The plaintiffs being dissatisfied with the amount of the recovery bring the record here for review.

It appears from the bill of exceptions that after the plaintiffs had submitted their evidence in chief, and while the defendant's third witness was on the stand, the court made an order restoring to the answer the third defense which had been previously stricken therefrom. Upon this action of the court error is assigned. It is contended that the first and third defenses are inconsistent and that, under the issues as they stood when the trial was commenced, the value of the plaintiffs' services

was not in dispute. We are not able to perceive that a general denial of every essential fact in the petition is inconsistent with an averment that the charges in the itemized account were unreasonable and unjust. Both statements may have been true. Under the Code system of pleading a defendant may rely on as many defenses as he may have. The only limitation upon this rule is the one resulting from the requirement in regard to verification, which implies that the defenses shall not be so repugnant that if one be true another must be false. (*Blodgett v. McMurtry*, 39 Neb. 210; *Home Fire Ins. Co. v. Decker*, 55 Neb. 346.) But the question of inconsistent defenses does not properly arise in this case. Neither the order eliminating, nor the one restoring, the third paragraph of the answer changed or affected the issues in any respect. The plaintiffs alleged that they had rendered professional services to the defendant's family and that the charges therefor were reasonable and just. The general denial imposed upon them the necessity of establishing these allegations by competent proof. The services of a physician are supposed to be valuable, and the law implies a promise on the part of the one for whom they were rendered to pay a reasonable compensation therefor. (*Shelton v. Johnson*, 40 Ia. 84; *Garrey v. Stadler*, 67 Wis. 512; *Tucker v. Mayor*, 4 Nev. 20; *Starin v. Mayor*, 106 N. Y. 82; *Vilas v. Downer*, 21 Vt. 419.) What is reasonable is, however, a question to be determined by the jury. The measure of the recovery will depend upon the *quantum* and character of the evidence. When the plaintiff produces evidence to prove the value of his services the defendant may, of course, under a general denial, show that the services were valueless, or of less value than that claimed.

Another ground upon which the plaintiffs insist they are entitled to a reversal of the judgment is the exclusion of the following questions and answers contained in the deposition of Dr. Ruth Wood:

Q. 36. Now, referring to the condition of the patient

at the time of the operation, what would you say as to the prospects of the patient's recovering or dying, what were they?

A. I stated at the bedside that there were two chances to one that she might not live, and it would certainly be so if she was not well cared for.

Q. 37. Then the result would warrant you saying, in a professional sense, that the patient had been well cared for, would it or would it not, the sickness extending over May, June, and July?

A. It is impossible for any other physician to indicate what complications might have arisen during that length of time in any case. They become subacute and chronic in that length of time. Subacute cases need not be seen more than once in two or three days, neither in chronic cases oftener than that length time. A case of this kind must have become subacute and chronic, for an acute case could not have existed that long and live.

Q. 38. Assuming the fact then that the woman is well, you would say that she had had proper medical treatment, would you or would you not?

A. I have to reiterate what I have said before. I feel satisfied with the outcome that she lived.

Q. 39. You feel then that the result proved the wisdom of your judgment in advising or suggesting rather the employment of Dr. Cate in the case, do you?

A. Yes.

Q. 40. State what is the fee for a visit to a patient in a town or city.

A. Ordinarily $2 in all cities of first and second class. I do not know about others. I have never lived in a small place.

Q. 41. In the case of Mrs. Hutchinson, you would have charged full fee for each and every visit, would you, had you been the physician in attendance?

A. The answer is so contingent upon circumstances, and yet the question embracing the clause, 'if you had been the attending physician,' yes, I would have charged

for my visits. If I had thought it necessary to make a visit I would have charged for it.

Q. 42. Now, do you know whether they had a competent nurse in charge of Mrs. Hutchinson?

A. No, I do not.

No reason was given why the foregoing testimony was not submitted to the jury, but as it was offered before the third paragraph of the answer was restored, it seems probable that it was withheld on the assumption that the value of the plaintiffs' services was not in issue. Dr. Woods had performed a surgical operation on Mrs. Hutchinson, was familiar with her ailment, and so peculiarly qualified to give testimony bearing upon the reasonableness of Dr. Cate's professional charges. The skill of the physician, the difficulty of the case, the responsibility involved, and the measure of success are elements which cannot be ignored in actions of this character. We think that this portion of the deposition should have gone to the jury and that its exclusion was prejudicial error. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.