PHŒBE BLISS, APPELLEE, V. PERSE BECK ET AL., APPELLANTS.

FILED DECEMBER 5, 1907. No. 14,997.

1. **Continuance: REVIEW.** In the absence of any showing on the part of defendants that they were unprepared to meet, or were surprised by, the allegations in an amendment to the petition allowed at the close of the trial, the decision of the district court refusing a continuance on account of the granting of such amendment will not be reviewed.

2. **Witnesses: CREDIBILITY: IMPEACHMENT.** The fact that a witness was intoxicated at the time of the happening of the events about which he testifies is relevant, and may be shown without first asking the witness upon cross-examination whether he was intoxicated.

3. **Damages:** ACTION FOR INJURIES: EVIDENCE. In an action by a married woman for personal injuries, it is proper to show that she has been incapacitated by reason of her injuries from performing labor, for the purpose of showing the nature and extent of her injuries. *Pomerene Co. v. White*, 70 Neb. 171, followed.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE. *Affirmed.*

*E. F. Gray* and *O. A. Williams*, for appellants.

*M. F. Harrington* and *C. H. Kelsey*, contra.

CALKINS, C.

The defendants Beck and Perrin were licensed liquor dealers, and the defendant the Metropolitan Mutual Bond & Surety Company was their surety upon the bond given by them to obtain their license. The charge was that on the 18th day of November, 1905, the defendants Beck and Perrin sold liquors to one Joseph Prevo, who became intoxicated, and, while in that condition, attempted to drive along the public highway upon which the plaintiff, with her husband, was traveling; that Prevo, by reason of his intoxication, lost control of the team which he was attempting to drive, and it collided with the vehicle in which the plaintiff was riding, causing the breaking of her leg, and other injuries. The plaintiff brought this action upon the bond given by the defendants to procure such license. There was a trial to a jury, and a verdict for the plaintiff in the sum of $2,000, and from a judgment upon this verdict the defendants appeal.

1. While the plaintiff's petition set forth the bond, and alleged that the defendants Beck and Perrin were engaged in the business of liquor dealing, it did not contain the allegation that the license was granted. At the beginning of the trial the defendants Beck and Perrin, for themselves, objected to the reception of any evidence, on the ground that the petition did not state facts sufficient to constitute a cause of action against them, which was over-

ruled.. After both parties had rested, the plaintiff asked leave to reopen the case for the purpose of introducing evidence to show that the license was formally granted, and to amend her petition so as to allege the granting of the same. This was granted over the objection of the defendant, the surety company, which thereupon asked that the case be continued to give it opportunity to make its answer to the amended petition. The court refused the request for a continuance, but granted one hour to the defendant to prepare the answer. The defendant waived the hour, on the ground that the time was insufficient. The action of the court in reopening the case and permitting the amendment is assigned as error. Section 144 of the code provides that the court may, in furtherance of justice, and on such terms as may be proper, permit the amendment of any pleading by inserting other allegations material to the case. It has been held that this section confers upon the court an almost unlimited power of amendment (*Deck v. Smith,* 12 Neb. 389), and that prejudicial error cannot be predicated upon an order allowing a pleading to be amended when the amendment does not change the issues nor affect the quantum of proof as to any material fact. *Cate v. Hutchinson,* 58 Neb. 232. The whole matter of amendment is within the discretion of the trial court, and its action will only be reviewed where an abuse of discretion is apparent. In this case the complaint seems to be directed to the fact that the court refused a continuance. There was no showing on the part of the defendants that they were surprised by the new allegation, nor that they were not as well prepared to meet the same at that time as they could hope to be at any future date. In short, there was no showing of fact whatever; and, without such showing, it would be impossible for this court to say that there was any abuse of discretion either in allowing the amendment or refusing the continuance.

2. The defendants had made application for continuance to procure the testimony of one John Herrin, in which it was alleged that Herrin would, if present, testify

that he was with Prevo at the time of the accident, and that he, and not Prevo, was driving the team. The plaintiff offered to admit that Herrin, if present, would testify as stated, and upon that admission the continuance was refused. The plaintiff called witnesses to testify that Herrin was drunk shortly previous to the accident; and this testimony was admitted over the objection of the defendants as going to the credibility of the witness Herrin. Of this ruling the defendants complain, and argue that such evidence was not admissible without first asking the witness upon cross-examination as to his condition. It is a general rule of evidence that before the credit of a witness may be impeached by proof that he has made statements out of court contrary to what he has testified to at the trial he must be first asked the time, place and person involved in the supposed contradiction. It is said that common justice requires that he should have an opportunity to recall the facts and to explain the nature, circumstances and meaning of what he is alleged to have elsewhere said, and, if necessary, to correct the same. Neither the rule nor the reason for the same applies to a case where it is sought to show the physical condition of the witness to be such as to render him incapable of perceiving, understanding or remembering the facts to which he has testified. The apparent inconsistency of a verbal statement may frequently disappear when the circumstances under which it was made are explained; but the physical condition of a witness in respect to his perceptive powers is a fact, which can only be admitted or denied. This precise question has been before this court in *Willis v. State*, 43 Neb. 102, where it was expressly held that it was competent in a trial of a criminal case for the state to show in rebuttal that a witness who testified for the defendant was intoxicated at the time of the happening of the events about which such witness testified. There was therefore no error in the admission of this testimony.

3. The petition shows that the plaintiff is a married woman, living with her husband; and there is no allega-

tion that she has ever engaged in business on her separate account, nor of her intention so to do. It appears that before the accident she did the housework for her husband, herself and 7 children, and helped her husband in doing chores; that for five weeks after the accident she was unable to do any work, and since that time has been partially disabled from performing her ordinary duties. There was testimony introduced tending to show that her injuries are permanent. The defendant requested the following instruction: "If you should find in favor of the plaintiff, you are not to allow her anything for lost time, or depreciated earning capacity, because, there being no evidence that she engages in any business or work other than a wife's domestic duties, her husband only can recover for her loss of time or earning capacity." This the court refused, but gave the following: "No. 11. If the jury shall find for the plaintiff, then it will be their duty to allow her such amount of damages as will compensate her for the injuries sustained. The elements entering into damages and to be considered by the jury are as follows: (1) If the injuries sustained have impaired the plaintiff's ability to labor, then such sum as the jury find from the evidence will reasonably compensate her for such loss, if any; (2) if the plaintiff has endured pain and suffering and an impairment of her health by reason of said injuries, then the jury shall allow her such reasonable sum as will compensate her for any pain and suffering that she has endured and that in the future she will endure. There is no definite rule by which you can determine the exact amount thus to be allowed. The law in its wisdom puts no definite price on human pain and suffering, but leaves that entirely to the sound judgment and discretion of the jury. What amount the plaintiff shall recover for pain and suffering is exclusively a question for the jury; (3) if the jury find that as a result of the injuries the plaintiff has been and is permanently lame, then such sum as will reasonably compensate her for this inconvenience. No. 12. If you find in favor of the plaintiff, you are not to allow

her anything for lost time, because, there being no evidence that she engages in any other business or work other than a wife's domestic duties, her husband only can recover for her loss of time." It is contended by the appellant that the plaintiff is not entitled to recover for her depreciated earning capacity, and that the instruction No. 12, given by the court, permitted the jury to estimate that element of damage. In support of this contention the case of *City of Central City v. Engle*, 65 Neb. 885, is cited, and it is argued with much insistence that, under the rule adopted in that case, a married woman who has received permanent physical injuries wrongfully inflicted by another cannot in a suit against the wrongdoers recover for her diminished earning capacity, unless she had actually engaged in business on her own account, or intended so to do before the injury. In the above case the pecuniary damages for loss of wages were submitted to the jury as the measure of plaintiff's recovery, and for this action of the trial court the case was reversed. Under the well-settled rule that a case is not authority as to any point not necessary to be passed upon in order to decide the cause, the case under consideration goes no further than to determine that the direct pecuniary injury for loss of wages is in such cases to be recovered in an action by the husband, and not by the wife. In the case of *Pomerene Co. v. White*, 70 Neb. 171, this court had before it the question we are now considering. It was there urged that an instruction which informed the jury that it could take into consideration the probability of the injuries received by the plaintiff being permanent, and the extent, if any, to which the injuries had incapacitated her for labor, was in conflict with the *Engle* case; but the court there said: "In states in which married women are permitted to contract for themselves and in which they are permitted to engage in business or employment in their own behalf, it has been frequently held that, in an action for personal injuries, it is proper to prove that a married woman is incapacitated from labor as the result of her injuries, for the purpose of showing

the nature and extent of her disability. This rule seems
founded on sound reason, because it is apparent that the
mere fact that a married woman is not engaged in a sepa-
rate business at the time she is injured should not deprive
her of the right to recover for a disability that would ever
afterwards bar her from engaging in an occupation on her
own behalf." The language above quoted is applicable to
this case, and meets with our approval. We therefore con-
clude that the instructions as given by the court correctly
presented the law to the jury, and that there was no error
in refusing the request of the defendant to give the in-
struction above referred to.

We therefore recommend that the judgment of the dis-
trict court be affirmed.

FAWCETT and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is

AFFIRMED.