MILLER RUBBER PRODUCTS COMPANY, APPELLANT, V. GLEN M. ANDERSON: K. P. PALMER, APPELLEE.

FILED MAY 11, 1932. No. 28269.

*Clarence A. Davis, Wilber S. Aten* and *F. C. Leslie,* for appellant.

*Frank A. Anderson* and *A. W. Storms, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and RYAN, District Judge.

DAY, J.

This was an action upon a written contract and bond. Anderson contracted with the Miller Rubber Products Company to sell its wares at Holdrege and Palmer executed a bond as surety for Anderson to secure his performance. Under the contract, the plaintiff delivered merchandise to Anderson, for which it is alleged there is an unpaid balance, which is the basis of this suit. Judgment was entered by the court against Anderson; the issues as to Palmer were submitted to the jury, who returned a verdict in his favor. The plaintiff appeals from the judgment entered upon the verdict in favor of Palmer.

Numerous assignments of error are urged. Most of them are not discussed exhaustively because most of the questions involved are so well settled or so elementary that a discussion would not be helpful, either in the retrial of this case or in the trial of other cases.

A motion to make more definite and certain the defense pleaded in the answer by naming the agents who made fraudulent representations for the purpose of procuring the execution of the bond was overruled. They were described in the answer; they were the agents of plaintiff who secured the contract and bond; they were as well known to plaintiff as the defendants. Our statute provides that, "When the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." Comp. St. 1929, sec. 20-833. The plaintiff was in no way prejudiced by the action of the trial court in overruling the motion. Furthermore, plaintiff waived the question when an amended answer was filed and cannot urge it here.

Defendant was allowed to amend its allegation of fraud in its answer, after nearly all the evidence had been adduced at the trial. The Code of Civil Procedure, section 20-852, Comp. St. 1929, permits, either before or after

judgment, in furtherance of justice, an amendment to any pleading, by asserting allegations material to the case or where the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved. The court has interpreted this statute in *Deck v. Smith*, 12 Neb. 205, *Cate v. Hutchinson*, 58 Neb. 232, *Bliss v. Beck*, 80 Neb. 290, and *Folken v. Union P. R. Co.*, 122 Neb. 193. The rule deduced from these cases and supported by many other cases is that an amendment to a pleading may be made, which does not change the issues, nor affect the quantum of proof as to a material fact, at any stage of the proceeding. Prejudice to a party, as a result of an amendment to pleadings, must appear from the record to constitute reversible error. *Omaha & R. V. R. Co. v. Moschel*, 38 Neb. 281. In *Marodolac v. Uhe*, 113 Neb. 450, the disallowance of an amendment was approved because it would have changed the original cause of action and proof under it would have been in conflict with proof to sustain the original cause. To the same effect is *Western Cornice & Mfg. Works v. Meyer*, 55 Neb. 440, *Johnson v. American Smelting & Refining Co.*, 80 Neb. 255, and *Westover v. Hoover*, 94 Neb. 596, all cited in the foregoing case. The amendment to the pleading allowed in this case did not change the cause of action or the quantum of proof. It is argued that for the first time in the proceeding it pleaded a sufficient legal affirmative defense and therefore changed the quantum of proof. Even if we concede this, which we do not, there was no prejudice to plaintiff, as the necessary and the only witnesses were present and testified. In *Dunn v. Bozarth*, 59 Neb. 244, it was said: "It is within the discretion of the court to permit a defendant, during the course of the trial, to amend his answer so as to present a new defense. In such case, the plaintiff, if not prepared to meet the new issue, may have a continuance of the cause, upon such terms as the court may deem just." The appellant continued with the trial, making no motion for a continuance. We conclude that the trial judge did not err

·in making the order permitting the amendment to the ·answer during the trial.·

As heretofore stated, this is an action brought upon a contract and a bond against Anderson as principal and Palmer as surety. The surety is only secondarily liable after default in payment by the principal. The surety has other and independent defenses from those of the principal. But the very gist of this action is the default of the principal. The appellant, at the close of defendant's testimony, made a motion for a directed verdict against Anderson, which was sustained. However, at the close of the case, the court did not actually do this, but instructed the jury that the controversy between the plaintiff and Anderson was withdrawn from their consideration and that the only matter for their consideration was the liability of Palmer on the bond. Subsequently, the court entered judgment in favor of plaintiff against defendant Anderson, without having a verdict actually returned against Anderson. As to Anderson, such procedure has been held irregular, but not prejudicial. *Segear v. Westcott,* 83 Neb. 515; *Kirshenbaum v. Massachusetts Bonding & Ins. Co.,* 107 Neb. 494; *Holmquist Elevator Co. v. Omaha Elevator Co.,* 110 Neb. 655. The rule has the support of sound reason as well as authorities. As a practical result, what is the difference whether a court enters judgment on the motion or has a verdict returned by a jury under coercion? The court therefore properly entered a judgment against defendant Anderson.

But the plaintiff complains because the jury were not so instructed because the liability of Anderson was the basis of the action against the surety Palmer. Instead the court submitted to the jury the question of Anderson's liability as affecting plaintiff's right of recovery against Palmer. The court by its instruction No. 2 told the jury: "You are instructed that in this case the controversy and contest between the plaintiff and the defendant, Glen M. Anderson, has been withdrawn from your consideration, and you are not in any way to con-

sider the same. The only matter for your consideration in this case is as between the plaintiff and the defendant Palmer, as to his liability on the bond." Then followed instruction No. 3, from which we quote as much as is applicable to demonstrate our point:

"In order to entitle the plaintiff to recover in this case, he must prove by a preponderance of the evidence the material allegations of its petition, which material allegations are: 1. That there was a contract entered into by and between the plaintiff and the defendant Anderson for the sale of tires. 2. That under said contract the plaintiff furnished to the defendant certain merchandise which was accepted by the defendant Anderson and handled in the course of his business, as provided in the agreement. 3. That in making settlement between the plaintiff and the defendant Anderson there was a shortage in the sum of $3,487.57. 4. That said amount has not been paid. 5. That the defendant Palmer signed a bond guaranteeing the payment of any amount due at the time of the expiration of the contract or at the time the same was canceled. If you find from the evidence in this case that the plaintiff has established each and every material allegation of its petition as above set forth, then it would be your duty to find for the plaintiff against the defendant Palmer for the full amount prayed for, unless you find that the defendant Palmer has established by a preponderance of the evidence all of the material allegations of his defense, in which case it would be your duty to find for the defendant Palmer and against the plaintiff."

Then follows the material allegations necessary to be proved as an affirmative defense, which are not necessary to set out here as they are not related to the discussion.

It will be seen that the question of the liability of Anderson, the principal, is submitted to the jury for their determination by the first four material allegations, which they are required to find have been established by a preponderance of the evidence before plaintiff is entitled to recover. The court had sustained a motion for a directed

verdict as to Anderson on this same evidence and subsequently entered judgment against Anderson. In the first instance, the court found that, taking the most favorable view of the evidence toward Anderson, the evidence would not support any verdict except one against him; that from the evidence reasonable minds could not reach any other conclusion; that a verdict in favor of defendant for want of evidence could not be permitted to stand. *Union Stock Yards Co. v. Conoyer,* 38 Neb. 488; *McLean v. Omaha & C. B. R. & B. Co.,* 72 Neb. 450; *Burke v. First Nat. Bank of Pender,* 61 Neb. 20; *American Surety Co. v. Musselman,* 90 Neb. 58.

The direction of the verdict against Anderson, though not presented by an appeal by him, is here considered for the purpose of determining whether the issue of his liability should have been submitted to the jury in the determination of the liability of the defendant Palmer. The submission of that issue to the jury was inconsistent with the order of the court in sustaining a motion for a directed verdict against Anderson. We have held that inconsistent verdicts cannot be permitted to stand. *Gerner v. Yates,* 61 Neb. 100; *Mansfield v. Farmers State Bank,* 112 Neb. 583. We are of the opinion that the evidence does not support any verdict against Anderson, except the one directed by the court. Therefore, the jury should have been instructed that the liability of Anderson under the contract had been established by the evidence to such an extent that no other finding was possible and the liability of Palmer, as surety, then submitted to the jury. "The instructions of the trial court to the jury should be confined to those issues presented by the pleadings and supported by competent evidence." *Muller v. Pratt,* 108 Neb. 473. In stating issues of fact in its charge to the jury, only such issues should be presented as find support in the evidence. *Koehn v. City of Hastings,* 114 Neb. 106. It is reversible error to instruct the jury upon an issue upon which the evidence is not sufficient to support a verdict, where such instruction has a tendency to mislead the jury to the prejudice of the complainant.

*Sabin v. Cameron,* 82 Neb. 106; *Esterly & Son v. Van Slyke,* 21 Neb. 611. The jury were invited by the instructions of the court to find as a fact that Anderson was not liable. The evidence would not support such a finding. This is particularly prejudicial in a case of this nature, since the liability of appellee Palmer was dependent upon the liability of Anderson. Palmer was only the surety, while Anderson was the principal. Palmer pleaded and offered evidence supporting other defenses, but he was not entitled under the evidence to have this one submitted to the jury. In an action against a principal and his surety, it is reversible error prejudicial to the plaintiff to submit by instructions the issue to the jury of the principal's liability, where the evidence is insufficient to support such a finding and when the court properly sustained a motion to direct a verdict against the principal.

For the foregoing reasons, the judgment is reversed and the cause remanded.

REVERSED.