ROBINSON OUTDOOR ADVERTISING COMPANY, APPELLANT, v. WENDELIN BAKING COMPANY, APPELLEE.

15 N. W. 2d 388

FILED JULY 21, 1944. No. 31719.

*Lloyd Dort* and *Coburn Campbell,* for appellant.

*Harry R. Ankeny, contra.*

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action by Robinson Outdoor Advertising Company of Nebraska, a corporation, plaintiff and appellant, against Wendelin Baking Company, a corporation, defendant and appellee, for the balance claimed to be due under a written contract. Trial was had to a jury. A verdict was rendered in favor of defendant. Judgment was entered on the verdict. Following the rendition of judgment motion for new trial and motion for judgment notwithstanding the verdict were filed and by the court overruled. From this judgment and the ruling on these motions the plaintiff has appealed.

The contract which is the basis of this action was entered into August 27, 1936, between Waller Sign Company and the defendant. By the terms of the contract the Waller Sign Company agreed to furnish an electric neon display sign on which should be displayed an advertisement of bread for the defendant. The specifications for the sign and the care and maintenance to be given it for the term were set forth in the contract. The term of the contract was five years. For the use of the sign, and its maintenance by Waller Sign Company, the defendant agreed to pay on the basis of $125 a month for the term of the contract, however, at the rate of $90 a month for 36 months and $177.50 for the remaining 24 months. The following which furnishes the basis for the defense to this action is one of the provisions of the contract: "Sign is to be repainted completely, every six months." During the month of September, 1937, plaintiff purchased the business of the Waller Sign Company including the interest of Waller Sign Company in and to this contract and assumed the obligations thereof.

After the expiration of the term of the contract plaintiff instituted this action alleging that it had furnished and defendant had accepted the service contracted to be performed under the contract but that defendant had failed to pay in accordance with its terms; that there was a balance due and unpaid in the amount of $1,597.50, together with $86.94 interest, making a total of $1,684.44. For this amount plaintiff prayed judgment.

For answer to the petition the defendant denied that plaintiff performed the conditions of the contract, and specifically denied that the sign had been painted every six months; that instead it had been painted but twice during the term of the contract, such times being in October, 1938, and September, 1939. Defendant alleged that this failure to paint resulted in the reduction of the advertising value of the sign to the extent of $1,000 in which amount defendant was damaged. In the prayer defendant confessed judgment for $597.50, that being the difference between the

amount admitted to be due under the terms of the contract and the amount it claimed to have been damaged.

Thereafter with leave of court the defendant filed an amended answer and cross-petition. In this amended answer and cross-petition defendant alleged that its damage caused by failure to paint every six months was $2,250; that the balance due plaintiff under the terms of the contract was $1,597.50; that the difference was $652.50. It prayed judgment in its favor for $652.50.

During the course of the trial and after the introduction of plaintiff's evidence in chief and a substantial portion of the evidence for the defense the defendant was, over objection of plaintiff, allowed to withdraw its amended answer and cross-petition and to substitute an amended answer. The request for amendment and substitution was based and allowed on the ground that the amended answer conformed to the proof. No request was made by plaintiff for continuance on the ground of surprise. In fact plaintiff expressly waived a continuance. The theory of the amended answer limited the defense to the proposition that the failure to paint every six months constituted a substantial breach damaging to the defendant the effect of which was to defeat the right of plaintiff to recover the balance due under the terms of the contract.

In appellant's brief are numerous assignments of error. The first is that the court erred in permitting defendant to withdraw its amended answer and cross-petition and to file an amended answer. Specifically appellant urges that the amendment changed the issues and affected the quantum of proof and was therefore improper and erroneous.

Section 20-852, Comp. St. 1929, relating to the power of the courts to allow amendments to pleadings is as follows: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect or by inserting other allegations material to the case,

or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. And whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendent."

In *Miller Rubber Products Co. v. Anderson*, 123 Neb. 247, 242 N. W. 449, this section is interpreted and the decisions of this court bearing on the power of the court to permit amendment of pleadings are reviewed. The case, in point of procedure, is somewhat similar to the one here. As stated in the opinion: "Defendant was allowed to amend its allegation of fraud in its answer, after nearly all the evidence had been adduced at the trial." In approving the allowance of the amendment it was said: "The Code of Civil Procedure, section 20-852, Comp. St. 1929, permits, either before or after judgment, in furtherance of justice, an amendment to any pleading, by asserting allegations material to the case or where the amendment does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved. The court has interpreted this statute in *Deck v. Smith*, 12 Neb. 205, *Cate v. Hutchinson*, 58 Neb. 232, *Bliss v. Beck*, 80 Neb. 290, and *Folken v. Union P. R. Co.*, 122 Neb. 193. The rule deduced from these cases and supported by many other cases is that an amendment to a pleading may be made, which does not change the issues, nor affect the quantum of proof as to a material fact, at any stage of the proceeding. Prejudice to a party, as a result of an amendment to pleadings, must appear from the record to constitute reversible error. * * * The amendment to the pleading in this case did not change the cause of action or the quantum of proof. It is argued that for the first time in the proceeding it pleaded a sufficient legal affirmative defense and therefore changed the quantum of proof. Even if we concede this, which we do not, there was no prejudice to plaintiff, as the necessary and the only witnesses were present and testified."

In this opinion appears the following by quotation from

*Dunn v. Bozarth,* 59 Neb. 244, 80 N. W. 811: "It is within the discretion of the court to permit a defendant, during the course of the trial, to amend his answer so as to present a new defense. In such case, the plaintiff, if not prepared to meet the new issue, may have a continuance of the cause, upon such terms as the court may deem just." See, also, *Thomas v. Haspel,* 126 Neb. 255, 253 N. W. 73.

In the case at bar we find nothing to justify a holding that the amended answer had the effect of changing the issues or of affecting the quantum of proof except that the issue of damage in favor of defendant was withdrawn. Of this plaintiff may not be heard to complain. In the original answer and in the amended answer and cross-petition the defendant stated facts constituting a breach on the part of plaintiff although it did not so denominate them. In the amended answer of which complaint is made the defendant stated the same facts and denominated them a breach of contract. The only substantial change in the last answer from the earlier pleadings was in the remedy prayed for. This assignment is without merit.

Plaintiff next contends that it was error for the court to refuse to direct a verdict in its favor at the close of the evidence. The effect of the assignment is to say that the amended answer and the evidence in support thereof did not amount to a defense to plaintiff's cause of action in the light of the admitted fact that defendant had failed and refused to pay the balance of $1,597.50 required by the terms of the contract.

On the other hand the defendant contends that the failure of plaintiff to perform the condition of the contract requiring it to paint the sign every six months was a breach of the contract by plaintiff and was such a breach as would preclude a recovery of this balance. It contends that the suit of plaintiff was based on a conditional promise to pay, and therefore the burden was on plaintiff to show that every condition precedent had been complied with before a recovery could be had, which burden plaintiff failed to sustain.

In *Bingaman v. Securities Investment Corporation,* 129 Neb. 788, 262 N. W. 859, this court adopted the following general rule: "The general rule is that the burden rests on the plaintiff to show the fulfilment of a condition precedent to his right of recovery." Also by statute (Comp. St. 1929, sec. 20-836) where the pleading of performance of a condition precedent in a contract is controverted the party pleading the performance of such condition precedent is required to establish on the trial the facts showing such performance. See *Davidson v. First American Ins. Co.,* 129 Neb. 184, 261 N. W. 144.

We are required under this assignment to determine whether or not painting each six months was a condition precedent to the right to recover payments thereafter coming due under the terms of the contract.

From the character of the contract and the use to which the sign was to be put it is obvious that the parties contemplated that the purpose was to advertise and to increase the sale of bread to be manufactured by the defendant. It is further obvious that for the sign to accomplish its full design and purpose painting every six months was necessary. It is also obvious that no standard or measure could be found whereby damage could be ascertained or determined for failure of plaintiff to comply with this condition of the contract. It follows from these obvious facts that unless defendant is permitted to treat the requirement that the sign should be painted each six months as a condition precedent, or perhaps more accurately as recurring conditions precedent, which would permit the withholding of payment for failure of performance it would be denied a remedy in the premises.

It is the holding of the court that the requirement of the contract that the sign be painted each six months was a condition precedent; that the amended answer pleaded a defense to plaintiff's cause of action; and that the burden was upon plaintiff to prove performance thereof before it would be entitled to a recovery on its cause of action.

The issue of performance was submitted to the jury.un-

der proper instructions and the evidence was sufficient in this regard to sustain the verdict. The motion of plaintiff for a directed verdict in its favor at the close of the evidence was properly overruled.

Plaintiff contends that defendant by part payment and acceptance of benefits waived this condition of the contract. Numerous cases are cited in support of this proposition and while no fault is found with them as statements of legal principle yet they are not in point when applied to facts such as are disclosed by this record. In the cases cited the waiver depends upon a variety of conditions such as: Acceptance without protest or objection (*Havens v. Grand Island Light & Fuel Co.*, 41 Neb. 153, 59 N. W. 681) ; counterclaim for damages (*Mundt v. Simpkins*, 81 Neb. 1, 115 N. W. 325) ; entering into supplemental contracts (*Carter v. Root*, 84 Neb. 723, 121 N. W. 952) ; failure to act, in such manner as to induce a belief that there is an intention to waive (*Advance-Rumely Thresher Co. v. Bartzat*, 114 Neb. 35, 206 N. W. 7) ; and continuance of acceptance of orders through a sales agent after continual breach. (*Elson & Co. v. Beselin & Son*, 116 Neb. 729, 218 N. W. 753), but the case here falls within none of these categories.

The evidence here discloses without substantial dispute that the sign was the property of plaintiff with defendant as lessee only. Defendant had no control whatever over it. From the beginning and throughout the entire term of the contract the defendant through M. Wendelin protested the failure to paint the sign. The defendant had no alternative under the facts but to accept that which was done.

If the evidence was sufficient to convince a jury, and we do not hesitate to say that it was, that there was failure of performance as alleged in the amended answer it may not reasonably be said that defendant should be required to pay that which it withheld in part which of right and legally it could have withheld in whole. It cannot be said on the record here that the defendant waived the right to assert the defense set up in its amended answer.

This determination upon the first two assignments of er-

ror disposes of the other assignments or renders a determination thereof unnecesary. The jury were properly instructed and the verdict is sustained by the evidence.

The judgment of the district court is affirmed.

AFFIRMED.