PAUL KLEINKNECHT, APPELLANT, v. CHRIS A. McNULTY ET AL., APPELLEES.

100 N. W. 2d 77

Filed December 18, 1959. No. 34678.

· Maupin, Dent, Kay ·& Satterfield, Thomas O. David, and James J. Duggan, for appellant.

*Luebs, Elson & Tracy,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages for personal injuries arising as a result of a collision between two motor vehicles. There were originally three defendants, namely, Osborn, McNulty, and Weber. Plaintiff was riding in a motor vehicle owned and driven by Osborn. Defendant Weber was the owner of the other motor vehicle which was being driven by defendant McNulty.

The collision occurred on October 10, 1956. Plaintiff filed his petition on August 29, 1957. On September 24, 1957, McNulty and Weber appeared specially challenging the court's jurisdiction over their persons.

On February 17, 1958, Osborn demurred to plaintiff's petition. The demurrer was sustained on April 14, 1958. On April 22, 1958, plaintiff filed an amended paragraph to paragraph 6 of his petition. Osborn again demurred. On September 5, 1958, the demurrer was sustained and the petition dismissed as to Osborn. The cause then proceeded against McNulty and Weber. Their special appearance was overruled. They followed with a motion for security for costs and a motion to make more definite and certain. On February 7, 1959, the deposition of plaintiff was taken by the defendants. On February 7, 1959, they filed an answer admitting the allegations of paragraph 6 of the amended petition and denied generally. They then alleged affirmative acts of negligence on the part of Osborn and alleged that Osborn and plaintiff were engaged in a joint enterprise.

On February 16, 1959, plaintiff in open court asked leave to strike his paragraph 6 as amended. Defendants objected. The court denied the motion.

On March 24, 1959, defendants filed a motion for summary judgment.

On April 6, 1959, plaintiff, with permission of the

court, filed an application for leave to strike paragraph 6 and his amended paragraph 6 from the petition. Evidence was taken. The court then took up and sustained defendants' motion for a summary judgment and dismissed the cause with prejudice.

Plaintiff appeals. We reverse the judgment of the trial court and remand the cause for further proceedings.

Plaintiff in his petition which he verified alleged: "That the defendant, Roy Osborn was negligent in not having his car under proper control so that he could stop within the range of his vision; that he was driving at an excessive rate of speed under the circumstances and conditions existing upon said highway at said point, in that the dust raised by the first truck that he met so obscured his vision that he was unable to stop said automobile when the second truck appeared in front of him; that said Roy Osborn did not keep a proper lookout for cars approaching on said highway; that said Ray (sic) Osborn did not turn his car to the right in time to avoid a collision with the truck owned by Harold Weber and driven by Chris A. McNally (sic)."

The amendment, drawn by plaintiff's attorney, and not verified by or exhibited to plaintiff before filing, alleged: "That the defendant, Roy Osborn, was guilty of gross negligence, in that he drove said car at a high and excessive rate of speed through the dust raised by the first truck that he met; that said cloud of dust obscured his vision of the road to the south of him in such manner that he was unable to see the road or any part thereof, or any vehicles approaching thereon, south of said first truck; that he grossly and negligently failed to reduce the speed of his car under the conditions and circumstances above existing; that he was travelling at such an excessive rate of speed that when the second truck appeared in front of him in said cloud of dust, that he was unable to stop the car so driven by him; that he struck said truck by reason of the fact of his excessive speed and his failure to turn his car to the right in time

to avoid said collision with the truck so owned by Harold Weber and driven by Chris A. McNulty; that said defendant, Roy Osborn, was familiar with the condition of said road and that there was considerable travel upon said road and that driving into said dust of said first truck, without reducing his rate of speed, was gross negligence."

On the hearing on the application for leave to strike the paragraph, plaintiff's attorney testified that he had conferred with his client once about the facts which was before preparing the petition; that he thought he had ascertained the facts to be that at the time the collision occurred the Osborn car was moving at 40 or 50 miles per hour; that he found out differently when plaintiff's deposition was taken and when plaintiff testified that the Osborn car was virtually stopped when the collision occurred; and that he prepared the amendment pleading gross negligence, as he thought, but relying on his original understanding of the facts of a speed of 40 to 50 miles per hour at the time of impact. The credibility of the attorney is not challenged.

On this feature of the issues here the plaintiff in his deposition testified that there were two trucks approaching the Osborn vehicle; that when about one-half mile from the first one the Osborn car had a speed of 40 miles per hour; that the approaching trucks were raising dust clouds; that Osborn slowed down to about 15 miles per hour when he met the first truck; that this was necessary because of the dust which at times obscured vision down the road; that before they had passed the first truck plaintiff saw another truck following and said, "stop"; and that the Osborn vehicle had stopped before the collision.

The motion for summary judgment was based on the contention that the pleadings and the deposition showed that Osborn was guilty of contributory negligence more than slight as a matter of law; that Osborn's negligence was imputable to the plaintiff; that plaintiff was guilty

of contributory negligence; and that there is in the case no genuine issue of any material fact.

Defendants, to sustain the trial court, argue first for the rule that a party may at all times invoke the language of his opponent's pleadings, on which a case is being tried, and in doing so he is neither required nor allowed to offer such a pleading in evidence in the ordinary manner. We have reexamined and followed this rule in Kirchner v. Gast, *ante* p. 404, 100 N. W. 2d 65. There is no need to amplify the statements in that opinion.

Concededly section 25-849, R. R. S. 1943, applies to amendment of a petition without leave before answer is filed. That is not the situation here.

Section 25-852, R. R. S. 1943, applicable here, provides in part: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Defendants here invoke the rule relied on in Robinson Outdoor Advertising Co. v. Wendelin Baking Co., 145 Neb. 112, 15 N. W. 2d 388, that an amendment to a pleading may be made, which does not change the issues nor affect the quantum of proof as to a material fact, at any stage of the proceeding.

The rule is a permissive one. It defines one circumstance under which an amendment may be made at any stage of the proceedings. It does not hold that amendments, after answer is filed, may be made only if they do not change the issues nor affect the quantum of proof as to a material fact.

In the Robinson case the proposed amendment to the

answer was offered while evidence was being received and for the purpose of conforming the answer to the proof.

In Miller Rubber Products Co. v. Anderson, 123 Neb. 247, 242 N. W. 449, the amendment was proposed after nearly all the evidence had been adduced. In Folken v. Union P. R. R. Co., 122 Neb. 193, 239 N. W. 831, the amendment was proposed at the conclusion of plaintiff's testimony on rebuttal. In Bliss v. Beck, 80 Neb. 290, 114 N. W. 162, the amendment was proposed after both parties had rested. In Cate & Foristall v. Hutchinson, 58 Neb. 232, 78 N. W. 500, the amendment was proposed after the plaintiff had submitted the evidence-in-chief. In Deck v. Smith, 12 Neb. 389, 11 N. W. 852 (erroneously cited in Miller Rubber Products Co. v. Anderson, *supra,* as 12 Neb. 205), on appeal from a justice of the peace, an amendment was allowed in the district court increasing the alleged value of property taken in replevin. We affirmed the allowance of the amendment holding it to be the duty of the court "to do as complete justice between the parties as possible." The above is a brief summary of all the cases relied on in the Robinson case. In every instance we affirmed the allowance of the amendment.

We cited the Robinson case in Gergen v. Western Union Life Ins. Co., 149 Neb. 203, 30 N. W. 2d 558, where plaintiff filed an amended petition after answer day and without notice to the defendant. We affirmed. The Robinson case was again cited in Schwank v. County of Platte, 152 Neb. 273, 40 N. W. 2d 863. There the trial court permitted an amendment to the petition to make it conform to the proof after almost all of plaintiff's evidence had been received.

In Gable v. Pathfinder Irr. Dist., 159 Neb. 778, 68 N. W. 2d 500, plaintiff at the close of his case-in-chief was allowed to amend the prayer of his petition by increasing the ad damnum to conform to the proof. We affirmed, following the Robinson case.

In Kroeger v. Safranek, 161 Neb. 182, 72 N. W. 2d 831, the court in submitting the cause to the jury without request of the plaintiff increased the amount the plaintiff sought to recover in her petition and changed facts alleged as a basis therefor. We held that "in the absence" of a request therefor the court should not have made the material change in the amount sought to be recovered.

It becomes quite apparent that the rule of the Robinson case does not apply and has not been applied to fact and pleading situations such as we have here.

It is patent also that the rule of the Robinson case is not an all-inclusive construction of the application of section 25-852, R. R. S. 1943, heretofore quoted.

The statute provides that the court "may * * * in furtherance of justice * * *." That is the lodestar to guide it.

Using the disjunctive "or" the statute provides for: (1) The adding or striking out of the name of a party; (2) correcting a mistake in the name of a party; (3) correcting a "mistake in any other respect"; (4) inserting other allegations material to the case; and (5) when the amendment does not change substantially the claim or defense by conforming the pleading to the facts proved.

It is quite apparent that the Robinson case falls within the grouping covered by the last power authorized by the statute.

In the early case of Berrer v. Moorhead, 22 Neb. 687, 36 N. W. 118, we held: "The law of amendments should be liberally construed in order to prevent a failure of justice." We quoted this language in Louis Hoffman Co. v. Western Smelting & Refining Co., 150 Neb. 524, 34 N. W. 2d 889, and added: "The progressive evolution of procedure in our courts has not changed that rule, but has demonstrated the necessity of its continuing judicial application." We there quoted from other cases supporting the same rule. In the Hoffman

case defendant had filed a general denial. After the case was set for trial, but before trial, defendant asked leave to file an amended answer, denying generally, making certain admissions, and pleading a counterclaim. The trial court denied leave to amend. We reversed and remanded holding that the trial court abused its discretion in refusing to permit defendant to file its amended answer and counterclaim.

In Dixon v. Coffey, 161 Neb. 487, 73 N. W. 2d 660, at a pretrial hearing the court ruled that certain property damages alleged were not recoverable under the allegations of the petition. The plaintiff asked leave to amend to show the full amount of the damage. The trial court denied the leave to amend. The trial court submitted the issue of damages for personal injuries to the jury but not the issue of damages to the car. The jury's verdict was for the plaintiff. Plaintiff filed a motion for a new trial claiming an abuse of discretion in refusing to permit the amendment. The plaintiff was granted a new trial. We affirmed following the Hoffman case.

In Zancanella v. Omaha & C. B. St. Ry. Co., 96 Neb. 596, 148 N. W. 158, citing this statute, we held: "* * * the rule is that amendment should be allowed when it is 'in furtherance of justice' to do so."

This holding has been repeatedly cited favorably down to and including Dixon v. Coffey, *supra.*

In Deck v. Smith, *supra,* we held that this statute confers upon the court an almost unlimited power of amendment in furtherance of justice. We quoted this language with approval in Bliss v. Beck, *supra.*

In Westrope v. Anderson, 98 Neb. 57, 151 N. W. 955, we held: "The rule of the statute in regard to amendment of pleadings is very liberal, * * *."

We need not cite more from our decisions construing the statute. The trial court here was called upon to exercise its power to permit an amendment of plaintiff's petition in the furtherance of justice.

For the purposes of this matter the court had before it the uncontradicted testimony of plaintiff's then counsel that certain allegations of fact in the original and amended paragraph 6 were placed there by him as a result of a misunderstanding on his (counsel's) part of what the facts were as claimed by the plaintiff. The court also had before it the uncontradicted sworn testimony of the plaintiff setting out wherein the facts as alleged in the original and amended paragraph 6 were not true.

The court by denying leave to strike the original and amended paragraph 6 in effect held that the plaintiff had to go to trial with the allegations, here involved, as constituting a judicial admission and irrefutable.

There is no claim here that plaintiff or his counsel are moved by other than a good-faith desire to have the pleadings reflect plaintiff's fact contentions. It has been held: " 'But the refusal to permit an amendment which is proposed at an opportune time and should be made in furtherance of justice is an abuse of discretion on the part of the trial court.' " State ex rel. Gold Creek Mining Co. v. District Court, 99 Mont. 33, 43 P. 2d 249.

We agree. The trial court abused its discretion in denying plaintiff leave to strike the original and amended paragraph 6 from his petition. This necessitates a reversal of the judgment and a remand of the cause.

It is patent that the trial court held that the allegations of plaintiff's petition of negligence of Osborn, being irrefutable, admit Osborn's contributory negligence more than slight as a matter of law; that the court then found plaintiff and Osborn were engaged in a common venture or enterprise; and that because of it Osborn's negligence was imputed to the plaintiff.

The existence of a common enterprise is a material fact in this line of reasoning.

The applicable rules are: In considering a motion

for summary judgment the court should view the evidence in the light most favorable to the party against whom it is directed. A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered. The court examines the evidence on motion for summary judgment, not to decide any issue of fact presented, but to discover if any real issue of fact exists. The burden is upon the party moving for summary judgment to show that no issue of fact exists, and unless he can conclusively do so the motion must be overruled. Dennis v. Berens, 156 Neb. 41, 54 N. W. 2d 259.

The only evidence before the court on this matter is found in the deposition of the plaintiff. The plaintiff and Osborn are farmers and near neighbors. The plaintiff bought some hay in a field. He mowed and raked it. Plaintiff paid for the baling. Plaintiff then sold half the hay to Osborn. A trucker was engaged to haul the hay. On the day of the accident one load remained to be hauled. It was to be delivered to plaintiff. The trucker notified Osborn that he would have to have some help in loading the hay, as his employee for that purpose was not available. Osborn notified plaintiff. Plaintiff went to Osborn's farm and from there started for the hay field in Osborn's car, because on occasions before they had traveled in plaintiff's car. They were on their way to the hay field when the accident here involved occurred.

In Soulek v. City of Omaha, 140 Neb. 151, 299 N. W. 368, we stated a number of rules regarding joint adventure. We need not restate those here. Specifically we held there that: "To constitute joint adventure, there must be an agreement to enter into an undertaking in the objects of which the parties have a community of interest and common purpose in performance, and each of the parties *must* have equal voice

in the manner of its performance and *control over the agencies used* therein, though one party may entrust performance to another." (Emphasis supplied.)

In the case of Judge v. Wallen, 98 Neb. 154, 152 N. W. 318, L. R. A. 1915E 436, an automobile injury case, we held that negligence could be imputed if the passenger possessed "joint control over the automobile." We have repeatedly followed that decision. It was cited along with intervening cases in Hansen v. Lawrence, 149 Neb. 26, 30 N. W. 2d 63, where we held that the evidence did not show "the requirement that the plaintiff had any control whatever over the car."

Authoritative texts state the following rules: "The test of a joint enterprise between the driver of an automobile and another occupant is whether they were jointly operating and controlling the movements of the vehicle. * * * In other words, the passenger, as well as the driver, must be entitled to a voice in the control and direction of the vehicle." 5 Am. Jur., Automobiles, § 501, p. 786. (Citing a Nebraska case.)

Generally speaking, the negligence of the driver of an automobile can be imputed to a passenger only when the passenger has authority to direct the driver or has charge of the car, or when the driver is under the control or authority of the occupant. The test is whether the passenger had a right to control or to share in the control of the operation of the vehicle. * * * In order to constitute a joint enterprise for the purposes of this rule it is generally held that there must be a common purpose and a community of interest in the object of the enterprise and an equal right in the driver and the occupant to direct and control the conduct of each other with respect thereto." 5A Am. Jur., Automobiles and Highway Traffic, §§ 814, 826, pp. 759, 765. (Citing Nebraska cases.)

"In order to constitute occupants of a conveyance joint adventurers, there must be not only joint interest in the objects and purposes of the enterprise, but also

an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance." 65 C. J. S., Negligence, § 168, p. 814. (Citing Nebraska cases.)

Restatement, Torts, § 491, p. 1275, states: "When the journey on which the plaintiff and driver of the vehicle are participating is itself a part of a business enterprise in which the parties are mutually interested, the two are engaged in a joint enterprise. * * * It is, however, not enough that the journey is preparatory to the conduct of a business in which the two are mutually interested. Thus, if the owner of the vehicle and another are jointly interested in a business transaction to be carried on at a particular point, the fact that the owner of the vehicle gives the other transportation to that point does not of itself make the journey thereto a joint enterprise." It gives the following illustrations: "1. A and B are partners in a business carried on in the City of X. They live in adjacent houses in a suburb of X. The partners drive to town one day in A's car, another day in B's car. In neither case is the drive to their office in X a joint enterprise of A and B.

"2. A, as attorney for B, is engaged in the trial of a case in the town of X. C is retained by B to assist A. Both A and C live in the same village which is at some distance from the town of X. On the day of the trial A offers to drive C to X. While on the way to X, A drives the car carelessly and a collision ensues in which C is injured. A's negligent driving does not bar C from recovering against the driver of the negligently driven vehicle with which A's car collides."

Consistent with the above authorities, as we read this evidence, there was before the trial court no evidence that would sustain a finding that plaintiff and Osborn were engaged in a common enterprise, so as to impute Osborn's alleged negligence to the plaintiff. The

trial court erred in holding that there was presented no genuine issue of any material fact.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.