BUILDING SYSTEMS, INC., A NEBRASKA CORPORATION, APPELLEE AND CROSS-APPELLANT, V. MEDICAL CENTER, LTD., A NEBRASKA LIMITED PARTNERSHIP, ET AL., APPELLANTS AND CROSS-APPELLEES.

327 N.W.2d 95

Filed December 10, 1982. No. 81-619.

Nelson, Eggers & Morrow, for appellants Medical Center and Action Enterprises.

Bruce H. Brodkey of Garber & Batt, for appellants Trustland and Trustin.

Abrahams, Kaslow & Cassman, for appellee Building Systems.

BOSLAUGH, CLINTON, and HASTINGS, JJ., and CAMBRIDGE, D.J., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

This is a suit to recover on a contract for remodeling a building. Summary judgment was entered for plaintiff, Building Systems, Inc., against defendants Trustland Company, a Nebraska partnership (Trustland), Yale F. Trustin, Medical Center, Ltd., a Nebraska limited partnership (Medical Center), and Action Enterprises, Inc. (Action). Those defendants appeal the judgment, claiming as error the entry of summary judgment, and that the trial court denied their applications to file amended answers and setoff.

The case presents a complicated interrelationship of party and nonparty interests, agreements, claims, and liabilities generally related to the operation of real estate ventures and investments. Originally, William Venard and defendant Trustin each owned one-half of the stock of Building Systems, Inc. Medical Center did business as Ford Professional Plaza, Omaha, Nebraska; it is insolvent. Trustland, a general partnership, was a partner in Medical Center; it is insolvent. Defendants Trustin, Raymond L. Lemke, and Action are general partners of Trustland.

Plaintiff alleges that between July 1976 and November 1977 it remodeled Ford Professional Plaza in performance of a written contract (lost and no available copies) with Medical Center, and there is due $29,492.61 from all defendants because of Medical Center's insolvency. All defendants filed answers on or before July 3, 1980. On March 6, 1981, plaintiff filed a motion for summary judgment. On March 26, 1981, defendants Trustin and Trustland filed their motion for leave to file an amended answer and a setoff, supported by affidavit and proposed amended pleading. On April 1, 1981, defendants Medical Center, Lemke, and Action similarly filed their motion for leave to file an amended answer and setoff.

Upon hearing and rehearing, the motions were denied by the court, stating that the alleged setoff did not arise out of the same transaction between the same parties and would create confusion in the minds of the jury; further, that the possible equitable setoffs would permit defendants through assignment to benefit disproportionately to other creditors.

Hearing on the summary judgment was had forthwith. Plaintiff, Trustland, and Trustin stipulated that Medical Center owed $29,492.61 to plaintiff on the contract for work done on Ford Professional Plaza. Other proof of the amount due was invoices.

Summary judgment was entered for plaintiff against defendants for $29,492.61.

The motion and proposed amendments of Trustin and Trustland exceed 100 pages; in summary, they show that prior to November 8, 1977, Trustin, as sole owner, incorporated Trustland Company, Inc., a corporation (Trustland Corp.). On November 8, 1977, a final settlement agreement was made between plaintiff, Venard, Trustin, and Trustland Corp. dividing and assigning the assets and liabilities of plaintiff. All corporate stock was assigned to Venard. One-half of the accounts receivable was assigned to Trustland Corp., which was to pay one-half of liabilities; Trustin personally guaranteed the payment of the debts. Later, Trustin claims he personally paid $7,138.31 of plaintiff's debts, created a trust to pay certain creditors of plaintiff, and agreed to pay $47,000 of other related debts. The settlement agreement also provided for plaintiff and Trustland Corp. to become parties to a joint venture and assigned certain of plaintiff's assets to the joint venture. These defendants claim the foregoing as an affirmative defense of accord and satisfaction. Plaintiff argues that the setoff must fail for the further reason that Trustland Corp. is not a party defendant.

The motion and proposed amendments of defendants Medical Center, Lemke, and Action restate much of the material in the motion, and claim a right of setoff against plaintiff because the November 8, 1977, settlement agreement and payments made thereunder were made for Action's benefit relating to plaintiff's cause of action. These defendants also allege the creation of a trust for the benefit of some of plaintiff's creditors. Defendant Lemke claims he paid $12,500 into a trust and paid other accounts, all or in part, for the benefit of the plaintiff's creditors arising out of the transaction constituting plaintiff's cause of action.

Defendants devote a large part of their briefs con-

cerning the application of Neb. Rev. Stat. §§ 25-812, 25-813, 25-815, and 25-816 (Reissue 1979) to the proposed setoff, particularly whether it was a part of the same transaction, a setoff, counter claim, or separate cause of action. The resolution of those questions is premature.

" 'A defendant in an action is not restricted to the counterclaim provided for in sections 100 and 101 of the code (now sections 25-812 and 25-813, R.R.S. 1943), but, in a proper case, may seek affirmative relief, either against the plaintiff or against codefendants, by cross-petition.' " *Weller v. Putnam,* 184 Neb. 692, 697, 171 N.W.2d 767, 770 (1969).

Neb. Rev. Stat. § 25-852 (Reissue 1979) provides in part as follows: "The court may, either before or after judgment, *in furtherance of justice,* and on such terms as may be proper, amend any pleading, process or proceeding . . . or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." (Emphasis supplied.)

This statute was discussed in *Kleinknecht v. McNulty,* 169 Neb. 470, 100 N.W.2d 77 (1959), concerning an amendment question similar to the one presented here. The court said that the provision in the statute, "in furtherance of justice," was "the lodestar to guide it." *Id.* at 476, 100 N.W.2d at 81. Further, " ' "[T]he refusal to permit an amendment which is proposed *at an opportune time* and should be made in the furtherance of justice is an abuse of discretion on the part of the trial court." ' " (Emphasis supplied.) *Id.* at 478, 100 N.W.2d at 82. "The law of amendments should be liberally construed in order to prevent a failure of justice. Changes in judicial procedure have not altered the rule, nor indicated any reason for discontinuing its judicial application." (Syllabus of the court.)

Important here is the time that the motions were filed. No issues have been settled, and the hearing

on summary judgment had not been held. The proposed amendments were opportunely presented, fully informing the court of defendants' alleged new and other claims relating to plaintiff's cause of action, and that such was necessary to do complete justice to the parties.

The motions did not present to the court for determination the exact nature of the claims alleged in the setoff, the transactions involved, trial issues and procedures, and possible equities. On the contrary, the issue was whether the setoff alleged claims of the parties that, if proved, should be considered and determined in furtherance of justice. We think that it did.

After the amendments have been filed, it is then that the sufficiency and nature of the amendments can be tested, determined, issues settled, and trial procedures established.

The trial court abused its discretion in denying the motions to amend.

Neb. Rev. Stat. § 25-1330 (Reissue 1979) provides that a party "may, at any time after the filing of answer . . . move . . . for a summary judgment . . . ." Here, defendants had been denied the right to file amended answers and a setoff. To permit plaintiff to proceed in summary judgment would be prejudicial to those defendants. The summary judgment is set aside.

REVERSED AND REMANDED
FOR FURTHER PROCEEDINGS.