REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, v. LOUIS FINK, DEFENDANT IN ERROR.

SAME v. MARY E. WYKOFF.

1. **Instructions to Jury.** Where objection is made that the instructions of the court to the jury are not sufficiently explicit, the remedy is to request instructions which are satisfactory. *B. & M. R. R. Co. v. Schluntz*, 14 Neb., 425. *S. C. R. R. Co. v. Brown*, 13 Id., 317.

2. **Negligence:** DAMAGES. An instruction that if the defendant's " negligence contributed in a large degree, along with the act of God, in causing the loss sustained by the plaintiff, it (the defendant) would be liable in damages for the additional damages sustained by the plaintiff by reason of such negligence of the defendant," is not erroneous.

3. ———: ANSWER: EVIDENCE CONFLICTING AS TO DAMAGES MUST BE SUBMITTED TO JURY. Where the answer is a general denial, and the witnesses disagree as to the amount of damages, an instruction that "the question of amount of damages scarcely requires much attention, since in the trial the defendant has made no contest thereon," is erroneous.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Marquett & Deweese*, for plaintiff in error, cited: *B. & O. R. R. v. Sulphur Springs*, 2 Am. & Eng. R. R. Cases,

166.   *Billinger v. N. Y. R. R. Co.*, 23 N. Y., 51.   *R. R. Co. v. Steven*, 73 Ind., 278.   *Drake v. R. R.*, 17 Am. & Eng. R. R. Cases, 59.   *Chase v. N. Y. R. R. Co.*, 24 Barb., 273.

*J. E. Bush* and *P. E. Winter*, for defendant in error, cited :   *Gordan v. Buchanan*, 5 Yerg., 72.   *Friend v. Wood*, 6 Gratt., 184.   *Michaels v. R. R.*, 30 N. Y., 571. *McArther v. Sears*, 21 Wend., 190.   Cooley Torts, 640. *McMahon v. Davidson*, 12 Minn., 357.   *C., R. I. & P. R. R. v. Moffit*, 75 Ill., 524.   *Clark v. Lebanon*, 63 Me., 393.   *Simpson v. Kimbertin*, 12 Kan., 355.

MAXWELL, J.

These actions were brought against the railroad company in the district court of Gage county by the defendants in error to recover damages sustained by them by reason of the overflow of water along Indian creek in said county, caused, it is alleged, by the improper construction of the railroad along and across said creek.   As the cases are of the same nature, and substantially grow out of the same cause of action, the parties on the trial entered into a stipulation that both causes be submitted at the same time to the same jury, which, in case they found the railroad company liable, were to return separate verdicts in favor of the defendants in error (plaintiffs below).

In the Fink case the jury returned a verdict for the sum of $586.74, and in the Wykoff case for $491.00.   A motion for a new trial having been overruled, judgment was entered on the verdicts.   The railroad company bring the causes into this court on error.

Fink alleges in his petition that, during the years 1880 and 1881 he was the owner of certain real estate (describing it) in Gage county; that in the years 1880 and 1881 the railroad company "constructed and run its line of railroad aforesaid over, across, and through a certain

tract of land contiguous to the land of the plaintiff above described." "That in constructing said line of railroad over the said land last above described, the same being contiguous to the lands of the plaintiff, the defendant negligently built and constructed a bridge over a natural watercourse, known as Indian creek, in such a manner as to obstruct the natural flow of water in the channel of said creek, wheretofore it had and of right ought to flow unobstructed, by catching hold and piling up great masses of driftwood and debris." "That eastward from said bridge across said Indian creek the defendant built and constructed an embankment of great height, extending eastward from said bridge to a great length, and across certain other water-courses, wholly neglecting and failing to put in, build, and erect or construct proper and sufficient bridges, culverts, or sluiceways for the water to pass through or under said embankment." That "by reason of said improperly constructed bridges, and the erection of said embankment across said water-courses without proper and adequate bridges, culverts, or sluiceways, the natural water-courses were dammed up and the water was held and backed up until it had gained such volume and force as to break through said embankment erected as aforesaid by the defendant. And on or about the 11th day of June said water broke through said embankment and flowed over the land of the plaintiff herein described, with great force and volume, destroying the grain of the plaintiff growing on said land, and washing away the soil from the land of the said plaintiff," to his damage in the sum of $1,500, etc.

The railroad company in its answer denies all the allegations of the petition, except that it is a corporation, and pleads that it had condemned the right of way over the plaintiff's and adjoining lands, and deposited the money with the county judge of said county, "and that the defendant's line of road constructed thereon has since been maintained and operated on said right of way thus acquired in a legal and proper manner."

In the Wykoff case the plaintiff below claims damages by reason of an ice gorge formed at the bridge in question in March, 1881, by which her orchard was greatly injured and quantities of corn and hay destroyed; also for injuries sustained by the flood in June of that year. A very large amount of testimony was introduced on the trial in which the witnesses substantially agree that the storm was very severe, and some of them state that it was the most severe ever known since the settlement of the county. Others, however, deny this. There is no doubt whatever that the storm was one of the most severe that had ever visited that locality.

The principal defense against liability of the railroad company is, that the storm was unusual—no such flood of water had been seen before that time by the oldest inhabitant of the county, and that the evidence of experts and persons familiar with the construction of railroads shows that the railroad was constructed in the ordinary manner of constructing railroads in this country, and that the bridges and culverts were sufficient judging from the experience of the past. *O. & R. V. R. R. Co. v. Brown,* 14 Neb., 173. The questions involved were questions of fact, and proper for the jury to pass upon; and as the court permitted the jury to view the property which is the subject of litigation, it is pretty clear that there was very important evidence before the jury which is not before this court. It is impossible, therefore, for this court to review the facts.

Objection is made that the " instructions of the court to the jury are in general terms, and give no correct guide to the jury in determining what obstruction would be allowable in the proper construction of bridges and embankments."

In a number of cases this court has held that instructions must be based on the evidence. *Meredith v. Kennard,* 1 Neb., 319. *City of Crete v. Childs,* 11 Id., 257.

*Neihardt v. Kilmer*, 12 Id., 38. And they should be clear and explicit and cover all questions at issue. *Milton v. State*, 6 Neb., 144. *Parrish v. State*, 14 Id., 62. The complaint in this case, however, is not that the instructions were not based on the evidence, but that they are not sufficiently explicit. The remedy in such case is by request for instructions which are satisfactory. *B. & M. R. R. v. Schluntz*, 14 Neb., 425. *S. C. R. R. Co. v. Brown*, 13 Id., 317. As we find no request to the court for instructions of the character named, and refusal to give the same, the objection is unavailing.

Complaint is made of the fourth instruction given on behalf of the plaintiff below, which is as follows: "The court instructs the jury that it is not necessary to the plaintiff's recovery to show great negligence on the part of the defendant; and if you believe from the evidence that the defendant negligently constructed its line of road, bridges, and culverts, as complained of by the plaintiff in her petition, and such negligence contributed in a large degree, along with the act of God, in causing the loss sustained by the plaintiff, it would be liable in damages for the additional damages sustained by the plaintiff by reason of any such negligence of the defendant."

A loss occasioned by the act of God has reference to acts with which the agency of man has nothing to do. *McArthur v. Sears*, 21 Wend., 190. *Gordon v. Buchanan*, 5 Yerg., 72. *New Brunswick, etc., Co. v. Tiers*, 24 N. J. Law, 697. *Michaels v. N. Y. Cent. R. R. Co.*, 30 N. Y., 564. This question was very ably discussed by Cowen, J., in *McArthur v. Sears*, 21 Wend., 195–200, and a large number of authorities cited. If the loss or injury happen in any way through the agency of man, it cannot be considered the act of God. *Michaels v. N. Y. Cent. R. R. Co.*, 30 N. Y., 564–571. *Proprietors, etc., v. Wood*, 4 Doug., 287–290. *Chicago, etc., R. R. Co. v. Sawyer*, 69 Ill., 285. The instruction, therefore, was favorable to the railroad com-

pany, and it has no cause of complaint because it was given.

The court gave the following instruction, to which exceptions were taken : ' " The question of amount of damages scarcely requires much attention, since in the trial the defendant has made no contest thereon." If there was no conflict in the testimony as to the amount of damages, such an instruction perhaps would not be erroneous. But, where, as in this case, the witnesses do not agree, the instruction must have been prejudicial. The railroad company in its answer, among other things, denies the damages, and it devolves upon the plaintiff to prove the same, and the facts must be submitted to the jury to determine. As this was not done in this case the judgment must be reversed. Objections are made to some of the other instructions, but we see no error in them, and they need not be noticed. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.