## ALFRED COLE *vs.* WILLIAM C. HAYES.

### Oxford. Opinion December 31, 1886.

*Jurisdiction. Ad damnum. Trial justices. R. S., c. 83, § 3.*

The Supreme Judicial Court has jurisdiction in an action of assumpsit, when the *ad damnum* is more than twenty dollars, though the cause of action set out in the declaration is a promissory note for twelve dollars.

The *ad damnum* in the writ is the "debt or damages demanded," within the meaning of R. S., c, 83, § 3, which gives trial justices exclusive jurisdiction "when the debt or damages demanded do not exceed twenty dollars."

ON EXCEPTIONS.

Assumpsit on a promissory note dated May 14, 1883, for the sum of twelve dollars, payable in six months, with interest annually. The writ was dated March 23, 1886. The plaintiff

resided in Oxford county, and the defendant in Piscataquis county.

The defendant filed a motion to dismiss, and ᵇ the exceptions were to the ruling of the court in overruling that motion.

*George D. Bisbee* and *Oscar H. Hersey*, for the plaintiff, cited: *Merrill* v. *Curtis*, 57 Maine, 152; 61 Maine, 22; 6 Maine, 325; 8 Allen, 337; 3 Allen, 532; 14 Gray, 521; 8 Gray, 373; 12 Gray, 139; 2 Greenl. Ev. 260; 16 Mass. 74; 10 Mass. 251; 11 Maine, 149; 28 Maine, 207; 47 Maine, 460.

*James S. Wright* and *J. B. Peaks*, for defendant.

Trial justices have exclusive jurisdiction where the debt or damages are less than twenty dollars. R. S., c. 83, § 3.

In actions of tort the *ad damnum* might determine the question *prima facie*, as that would, or might be the only means of determining the amount of damages claimed, the damages being unliquidated, but in actions of assumpsit, on a contract, the declaration must determine the amount claimed, and that would be the amount of the debt or damage demanded.

In *Ridlon* v. *Emery*, 6 Greenl. 261, the court held that the common pleas court had jurisdiction where property was of less value than twenty dollars, because the statute did not give exclusive jurisdiction to justices of the peace, but only concurrent jurisdiction. In *Hapgood* v. *Doherty*, 8 Gray, 373, the court held that the one hundred dollar *ad damnum* was the debt or damage demanded, but it was a case where the account annnexed was one hundred and twenty-three dollars.

In the cases in the Mass. Reports, where the court has held that the debt or damage demanded means the *ad damnum*, the decisions are based upon a different statute from ours.

LIBBEY, J.   By R. S., c. 83, § 3, trial justices " have original and exclusive jurisdiction of all civil actions, . . . when the debt or damages demanded do not exceed twenty dollars," except certain cases therein specified.

In this case the note declared on is for twelve dollars and interest. The *ad damnum* is for more than twenty dollars. It

is claimed by the defendant that the " debt or damages demanded " is to be determined by computing the amount due on the note when the action was commenced, and not by the *ad damnum*. We think this is not the law. It appears to be well settled that in all actions sounding in damages as assumpsit and tort, the jurisdiction depends upon the *ad damnum*, which is the amount of damages demanded. *Estes* v. *White,* 61 Maine, 22; *Hapgood* v. *Doherty*, 8 Gray, 373; *Bank* v. *Pearson,* 14 Gray, 521.

In such case, it can not be judicially determined that the debt or damages which the plaintiff is entitled to recover, are less than the *ad damnum*, until judgment is rendered; and then, if it is for a sum less than twenty dollars, it does not affect the jurisdiction. *Ladd* v. *Kimball*, 12 Gray, 139.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.