THOMAS J. CRUMMEL ET AL., APPELLEES, V. NEMAHA
COUNTY ET AL., APPELLANTS.

FILED APRIL 11, 1929. No. 26344.

*Ernest F. Armstrong* and *Lee Kelligar*, for appellants.

*Edgar Ferneau* and *Fred G. Hawxby, contra.*

Heard before Goss, C. J., Rose, Good, Eberly and Day,
JJ., and Eldred and Redick, District Judges.

Eberly, J.

This is an action in equity praying for a mandatory in-
junction to require the defendant board of county com-
missioners to provide an adequate waterway under a cer-
tain bridge situated on road No. 5 of Nemaha county,
known as the Brownville-Auburn road. There was a judg-
ment and finding for the plaintiffs, from which the de-
fendants appeal.

The plaintiffs are owner and tenant respectively of an
80-acre tract of land north of and adjacent to the road in
question. A stream of water rises about four miles north-
east of plaintiffs' land and flows in a southwestern direc-
tion over and across this land and under the bridge in liti-
gation to the Nemaha river, where it empties. While its
channel, the evidence discloses, has been straightened and
improved north of road No. 5, it is in truth and in fact

a natural watercourse over which, as part of the public highway referred to, the defendant county has in times past constructed and now maintains a steel bridge of a "low-truss and underslung" type, with concrete floor. The steel floor beams of this bridge extend from two and a half to three feet below the floor of the bridge, which also has connecting and lateral rods below the floor beams referred to. This construction, it is the theory of the plaintiffs, which finds ample support in the evidence, during periods of ordinary high water, intercepts and stops floating debris, including cornstalks, branches of trees, underbrush and floating logs, which interrupted by and suspended in said bridge cause the deposit of silt in the channel of said stream under said bridge and in the channel south thereof, the effect of which is to form a dam and confine and hold the water northward of said bridge and thus flood the cultivated lands of plaintiffs; that, by reason of the negligent construction and maintenance of said bridge in the manner just described, the flood waters passing down said channel of said watercourse were forced back from plaintiffs' land during the cropping seasons of 1922, 1923, and 1924, and growing crops on twenty acres of said land through which said stream passes were destroyed and ten or twelve acres were injured or damaged and the yield reduced thereon and the tilling of the same made unsafe and hazardous. And it fairly appears that succeeding years will witness a repetition of these events so long as the conditions complained of are permitted to continue. It is admitted that due demand was made upon the defendants to remedy the condition they had caused by their negligent construction, and that this action was prosecuted by the plaintiffs to require defendants to provide and maintain an adequate waterway under said bridge so as to permit all ordinary flood water to pass thereunder, and for this purpose to reconstruct said bridge so as to provide such proper waterway or channel.

While in part conflicting, a careful consideration of the record supports the conclusion that the district court, in

determining the issues substantially in accordance with the theory of the plaintiffs, is sustained by the evidence. Under the facts stated it is quite patent, and there was, and is imposed upon the county authorities of Nemaha county the duty, in the construction and maintenance of the bridge in question, to exercise due care so that the natural flow of the waters in the watercourse in question, in seasons of either low or usual high water, be not obstructed or interfered with by such structure.

In the case of *Omaha & R. V. R. Co. v. Brown*, 29 Neb. 492, this principle was applied where injuries to plaintiff's land was caused by overflow of the Platte river due to the negligent and wrongful construction of a railway bridge across the same. It is disclosed in that case that the piers and braces under the bridge in question were so close together that brushwood, trash and blocks of ice in the seasons of spring flood lodged thereon and backed the water over the plaintiff's premises. In that case this court held that it was the duty of the railroad company to so construct its bridge across watercourses as to allow the passage of such flood waters as may reasonably be expected to occasionally occur. See, also, *Smith v. Chicago, B. & Q. R. Co.*, 81 Neb. 186.

In other words, the principle is well established that it is the duty of those who build structures across natural drainways to provide for the natural passage through such obstruction of all waters which may be reasonably anticipated to drain there, and this is a continuing duty. *Soules v. Northern P. R. Co.*, 34 N. Dak. 7; 27 R. C. L. 1147, sec. 77.

It also fairly appears that the plaintiffs in this case are not limited to an action for damages as their sole remedy. The rule is:

"Where an obstruction in a watercourse constitutes a permanent and irremediable injury to the rights of a riparian owner, he is not confined to an action for damages, but may, on a proper showing, have a decree ordering the removal or abatement of the obstruction." 40 Cyc.

577. See, also, *Baumgartner v. Bradt,* 207 Ill. 345; *Roe v. Howard County,* 75 Neb. 448; *Flesner v. Steinbruck,* 89 Neb. 129.

We have not overlooked the contention of the appellant that the county board is forbidden by statutory provision, highly penal, from incurring liabilities beyond its legal appropriation and levy, but we do not find that the principle has any application to the facts in this case as disclosed by the evidence. If we concede the contention of the county board as to the ultimate liability for damages on part of a drainage district for the latter's negligent construction or maintenance of its improvements situated south of this bridge, being in the nature of a contributing cause, still, under the facts in this case, and in view of the relief here sought, it would seem that the same constitutes no defense to the present action.

In the case of *Jacobson v. Van Boening,* 48 Neb. 80, which differs somewhat as to the facts, but which is similar, so far as principle is involved, this court announced the rule that, as "against a continuing injury to land caused by an unlawful discharge of surface waters by an adjoining proprietor, equity will afford relief," and also that "to such an action it is no defense that the injury is in part threatened by the acts of another. The plaintiff has his remedy against each one contributing thereto."

In view of all the evidence in the record, we are constrained to find that the decree of the district court, requiring the defendant county to clean out and restore the channel of this watercourse within the limits of the public highway and remove the existing obstructions to the same and to eliminate a continuing nuisance by rebuilding this bridge as in such decree provided, is in all respects fully sustained.

It follows therefore that the judgment and decree of the trial court is correct and is in all things

AFFIRMED.

Note—See 29 L. R. A. n. s. 789; L. R. A. 1917A, 517; 27 R. C. L. 1147.

REDICK, District Judge, dissenting.

I am compelled to dissent from the opinion in this case for the following reasons:

From that portion of the record quoted in the briefs, it seems to me beyond question that the real cause of the flooding of plaintiff's lands is the filling up of the ditch south of the bridge in question. The raising of the bridge would be of very doubtful efficacy, and at most a temporary makeshift. The passage under the bridge had been several times cleaned out but, because of the lack of spillway to the south, filled right up again. If the bridge were raised, the only result in a few years would be the accumulation of silt on plaintiffs' lands and upon those south of the bridge. When the bridge was built in 1916 it was adequate for the passage of water as long as the ditch to the south remained open until 1922.

I think the decree of the court requiring the bridge to be raised goes beyond what is necessary to afford plaintiffs all the relief to which they are entitled. It seems clear from the evidence that, if the watercourse above, beneath and below the bridge were cleared out, a sufficient passageway for the waters would be furnished. Under section 2697, Comp. St. 1922, the overseers of the road district have the power to enter upon the lands above and below the bridge and clean out the natural watercourse and keep it in that condition. In my judgment the decree should order this to be done, rather than to require the bridge to be raised, which would entail considerable unnecessary expense.

ROSE, J.

For reasons stated in the dissent of Judge Redick, I am of opinion that plaintiffs were not entitled to the relief granted.