RAY PURDY, APPELLANT, V. COUNTY OF MADISON, APPELLEE.

55 N. W. 2d 617

Filed November 21, 1952. No. 33204.

*Bernard Ptak,* for appellant.

*Andrew D. Mapes* and *James F. Brogan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The plaintiff seeks an injunction against the County of Madison to restrain the defendant from diverting surface waters from a natural drainage course into the north ditch of a county road where it is carried to the east to the damage of the plaintiff. The trial court found against the plaintiff and dismissed the action. Plaintiff appeals.

Plaintiff is the owner of the southeast quarter of Section 2, Township 22 North, Range 1, West of the 6th

P. M., Madison County, Nebraska. The southwest quarter of the section is owned by Carl Goetsch. A county road runs along the south side of these two quarter sections. The quarter section across the road south of plaintiff is owned by Gus Gall and the quarter section south of the Carl Goetsch land belongs to one Kropp. The evidence shows that surface waters from the Goetsch land and from a very small acreage on plaintiff's land formerly drained across the road to the south and east into a drainage course 700 to 800 feet south of the road and running generally to the east and north. The county formerly maintained a culvert across the road about 24 feet west of plaintiff's southwest corner through which the surface waters formerly drained. Plaintiff testifies that the culvert was covered up when the grade of the road was raised in 1948. One of the county commissioners says that he had not seen a culvert at this point for several years prior to 1948. The evidence is quite conclusive, however, that water did not run down the north road ditch prior to 1948. The evidence in this respect shows that there is a ridge approximately two feet higher than the road extending from a point 210 feet east of plaintiff's southwest corner in a northwesterly direction into the Goetsch lands. It was not until the road was constructed and the road ditches were cut through this ridge that water could flow to the east. It is clear from the evidence that the natural course of the surface waters here in question was to the south or southeast and that they crossed under or over the county road at a point about 24 feet west of plaintiff's southwest corner. The question raised, therefore, is whether the county could properly cover up the culvert and dam the natural drainage course where the surface waters were wont to flow in a state of nature. In so doing, the county carried the water in the north road ditch, doing damage to the plaintiff's driveway and to his meadow land on the east side of his quarter. We have held many times that water cannot be so diverted from its natural

drainage course as it existed in a state of nature to the damage of another.

"It is the duty of those who build structures across natural drainways to provide for the natural passage through such obstructions of all waters which may be reasonably anticipated to drain there, and this is a continuing duty." Crummel v. Nemaha County, 118 Neb. 355, 224 N. W. 864.

"Where water, be it surface water, the result of rain or snow, or the water of springs, flows in a well-defined course, be it ditch or swale or draw in its primitive condition, and seeks its discharge in a neighboring stream, its flow cannot be arrested or interfered with by a landowner to the injury of the neighboring proprietors, and what a private proprietor may not do neither can the public authorities, except in the exercise of the right of eminent domain." Roe v. Howard County, 75 Neb. 448, 106 N. W. 587, 5 L. R. A. N. S. 831.

Water flowing in a well-defined watercourse cannot be lawfully diverted and cast upon the lands of others where it was not wont to run in the course of natural drainage. Leaders v. Sarpy County, 134 Neb. 817, 279 N. W. 809; Born v. Keil, 146 Neb. 912, 22 N. W. 2d 175; Andersen v. Town of Maple, 151 Neb. 103, 36 N. W. 2d 620; Jack v. Teegarden, 151 Neb. 309, 37 N. W. 2d 387; Pint v. Hahn, 152 Neb. 127, 40 N. W. 2d 328.

Where a landowner wrongfully diverts waters flowing in a well-defined watercourse and casts them upon the lands of an adjoining landowner where it was not wont to run in its natural state, injunction affords a proper remedy. Pospisil v. Jessen, 153 Neb. 346, 44 N. W. 2d 600; Andersen v. Town of Maple, *supra;* Jack v. Teegarden, *supra.*

Under these holdings it is clear that the lands south of the Goetsch lands were burdened with the surface waters in question. The natural course of drainage was south or southeast, the natural drainage course being across the road about 24 feet west of the southwest

corner of plaintiff's lands. The defendant county asserts that the county has the right to close culverts, extend grades, and make fills as the county deems expedient. We do not question this right when it is necessary to the construction of a suitable road; nor do we question the county's contention that damages resulting from such construction are fixed by statute. § 39-809, R. R. S. 1943. But this is not such a case. Instead of attempting to control the drainage problems generally in this territory by cutting a road ditch of sufficient depth to carry the water and offering to construct culverts and dikes to protect lands along the new course, the county should have constructed a suitable culvert or bridge over the natural drainage course as it existed in its natural state, and left to the landowners the solution of their own drainage problems. Drainage becomes important to a county in the construction of a road only when it is reasonably necessary to the protection of the road.

The plaintiff is entitled to an injunction restraining the defendant from diverting the surface waters in question from their natural course of drainage, to a mandatory injunction directing the county to construct a suitable culvert or bridge across the road at a point approximately 25 feet west of the southwest corner of plaintiff's lands, and for the costs of the action. The trial court is directed to enter a decree in accordance with the foregoing opinion.

REVERSED AND REMANDED WITH DIRECTIONS.