CURTIS S. REED, APPELLEE, V. MARK W. JACOBSON ET AL., APPELLANTS, IMPLEADED WITH R. L. KALIFF RANCH CO., APPELLEE.

69 N. W. 2d 881

Filed April 22, 1955. No. 33668.

*Kirkpatrick & Dougherty*, for appellants. .

*Keenan & Corbitt*, for appellee Reed.

*Robert Lloyd Jeffrey*, for appellee Kaliff Ranch Co.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Curtis S. Reed, plaintiff and appellee, against Mark W. Jacobson, Arthur Jacobson, and R. L. Kaliff Ranch Co., defendants, to enjoin the defendants from maintaining dikes and· dams across a natural drain or draw which plaintiff contends is, within the meaning of law, a natural watercourse to the injury and damage of plaintiff, and for damages on account of the maintenance of dikes and dams which had been constructed. The action was tried to the court and a mandatory injunction was granted in favor of plaintiff and against the defendants requiring the removal of certain of the dikes and dams and restoration of those areas to their former condition, and judgment was rendered in favor of plaintiff and against the defendant Mark W. Jacobson for $514.80. Motions for new trial were duly filed and in due course overruled. From the decree and the order overruling their motion for new trial the defendants Jacobson have appealed. The defendant R. L. Kaliff Ranch Co. has not appealed. The Jacobsons will hereinafter be referred to as appellants except in those instances when they may not be referred to collectively. In such other instances they will be referred to by name.

The appellants have set forth numerous assignments of error as grounds for reversal and have set forth numerous propositions of law, but the factual questions presented for review are few and simple and the law relating thereto is well settled.

By his petition plaintiff pleaded substantially that he is the owner of the southwest quarter of Section 25, Township 9, Range 3, in York County, Nebraska; that Mark W. Jacobson is the owner of the northwest quarter of the southeast quarter and the southwest quarter of the northeast quarter of this section, and that Arthur Jacobson was the tenant thereon; and that R. L. Kaliff Ranch Co. is the owner of the south half of the southeast quarter of the section. Thus the southwest corner of Mark W. Jacobson's land and the northwest corner of R. L. Kaliff Ranch Co. land were joined with the land of plaintiff at a point on the east line thereof halfway between the north and south borders. Plaintiff further pleaded that his land was higher than that of the defendants and that a watercourse enters his land generally from the south and flows in a meandering course across it to the northeast and leaves it about at the point of joinder of the corners of defendants' lands with plaintiff's land. From that point it traverses the Kaliff land and then enters Mark W. Jacobson's land and flows thence in its natural watercourse northeasterly into the Blue River. He pleaded that the watercourse from its source to its mouth was well defined and its depth was more than 2 feet lower than the surrounding lands. He pleaded further that appellants caused to be constructed a dam of about the height of 4 feet at right angles to the watercourse about 400 feet east of plaintiff's land which dam stopped the natural flow of water in the watercourse and that as a result water was backed up and his lands and crops were damaged. He further pleaded that R. L. Kaliff Ranch Co. caused to be constructed dikes along the sides of the watercourse back to the line of plaintiff's land which,

together with the dam caused to be constructed by the appellants, caused damage to his land and crops.

The answer of the appellants is lengthy but the content of it necessary to be set forth here is that it generally denies the allegations of the petition and particularly denies that there is a watercourse. It admits that a dam was erected but says that it was for the purpose of protecting against water coming from irrigation works constructed by plaintiff and substantially alleges that it was for proper protection against surface water.

It becomes clear from this that the issues which were triable were those of whether or not there was, as claimed by plaintiff, a watercourse and whether or not, if there was a watercourse, it was dammed by the defendants to the injury and damage of the plaintiff.

If the evidence discloses the affirmative of these issues the plaintiff was entitled to the relief which was granted to him by the decree, otherwise he was not.

A watercourse is defined by statute as follows: "Any depression or draw two feet below the surrounding lands and having a continuous outlet to a stream of water, or river or brook shall be deemed a watercourse." § 31-202, R. R. S. 1943. See, also, Courter v. Maloley, 152 Neb. 476, 41 N. W. 2d 732; McGill v. Card-Adams Co., 154 Neb. 332, 47 N. W. 2d 912.

With regard to what constitutes a watercourse this court has said: "To constitute a watercourse the size of the stream is not material. It must, however, be a stream in fact, as distinguished from mere surface drainage occasioned by freshets or other extraordinary causes, but the flow of water need not be continuous." McGill v. Card-Adams Co., *supra*. See, also, Mader v. Mettenbrink, 159 Neb. 118, 65 N. W. 2d 334.

The evidence of the plaintiff supports his contention that within the meaning of the definitions set forth a watercourse extends across the lands of the parties to this action. The evidence of the appellants tends to support the opposing contention.

The evidence on this question is of too great length to be set out or summarized herein. However from an examination and analysis we are of the opinion that it preponderates in favor of the plaintiff.

The holding accordingly is that the evidence sustains the finding of the decree that this was a watercourse.

A dam was placed across the watercourse on the land of Mark W. Jacobson which retarded the flow. About this there can be no question. Also dikes or dams were placed along the sides of the watercourse from the vicinity of the Jacobson dam upstream toward the plaintiff's land by the R. L. Kaliff Ranch Co. About this likewise there is no question. According to the weight of evidence the effect of the Jacobson dam and a combination of the effect of this dam and the dikes or dams of the R. L. Kaliff Ranch Co. was to retard the water coming down the watercourse as it was wont to flow in nature and cause it to be held on plaintiff's land to his injury and damage.

Injunction was a remedy available to plaintiff for the purpose of obtaining redress for the acts of the defendants. The damage was continuing in character. Where redress is sought for continuing damage the rule is that for such injury injunction is the proper remedy, and equity looks to the nature of the injury inflicted together with the fact of its constant repetition or continuation, rather than to the magnitude of the damage inflicted, as the ground for affording relief. See, Schomberg v. Kuther, 153 Neb. 413, 45 N. W. 2d 129; Beetison v. Ballou, 153 Neb. 360, 44 N. W. 2d 721; McGill v. Card-Adams Co., *supra*.

The appellants do not contend that if plaintiff is entitled to injunctive relief he is not entitled to recover damages. In this connection they contend only that he has failed to prove the amount of his damage by competent evidence. This contention is without merit. He proved his damages agreeable to the rules stated in Hopper v. Elkhorn Valley Drainage Dist., 108 Neb. 550,

188 N. W. 239; Ricenbaw v. Kraus, 157 Neb. 723, 61 N. W. 2d 350; Ballmer v. Smith, 158 Neb. 495, 63 N. W. 2d 862; and Gable v. Pathfinder Irr. Dist., 159 Neb. 778, 68 N. W. 2d 500.

For the reasons herein stated the decree of the district court is affirmed.

AFFIRMED.