JOHN L. WALLA ET AL., APPELLANTS, V. OAK CREEK
TOWNSHIP, A MUNICIPAL CORPORATION IN SAUNDERS
COUNTY, ET AL., APPELLEES.

92 N. W. 2d 542

Filed October 24, 1958. No. 34391.

*Phillip A. Tomek, John G. Tomek,* and *William E. Tomek,* for appellants.

*George W. Haessler,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Saunders

County. It involves an action brought therein by John L. Walla and Adeline Walla, husband and wife, to enjoin the officers of Oak Creek Township in Saunders County, their agents and employees, from constructing a culvert across a public highway just south of and immediately adjacent to the Wallas' farm. After trial was had the district court dismissed the plaintiffs' petition and also dissolved a temporary restraining order that had been granted plaintiffs at the commencement of the action. Plaintiffs filed a motion for a new trial. This motion the trial court overruled and plaintiffs took this appeal therefrom, giving a supersedeas bond in the amount fixed by the trial court.

If appellants are entitled to the relief they herein seek, injunction would be the proper action for that purpose. Town of Everett v. Teigeler, 162 Neb. 769, 77 N. W. 2d 467; McGill v. Card-Adams Co., 154 Neb. 332, 47 N. W. 2d 912. Such action being one in equity is triable de novo in this court and every case of this character must necessarily stand or fall upon the factual situation disclosed by the record. Mader v. Mettenbrink, 159 Neb. 118, 65 N. W. 2d 334.

There is a good deal of evidence relating to material matters that is in irreconcilable conflict. We have often stated that: "Actions in equity, on appeal to this court, are triable de novo, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." Wiskocil v. Kliment, 155 Neb. 103, 50 N. W. 2d 786. See, also, Town of Everett v. Teigeler, *supra;* Mader v. Mettenbrink, *supra;* Keim v. Downing, 157 Neb. 481, 59 N. W. 2d 602.

At the conclusion of the trial appellants' counsel requested the trial court to view the premises, which request the trial court granted. In view thereof the

following has application: "The trial court is required
to consider any competent and relevant facts revealed by
a view of the premises as evidence in the case, and a duty
is imposed on this court on review of findings made
by the trial court to give consideration to the fact
that the trial court did view the premises; provided,
that the record contains competent evidence to support
the findings." Mader v. Mettenbrink, *supra*. See, also,
Town of Everett v. Teigeler, *supra*.

Oak Creek Township in Saunders County consists of
Township 13 North, Range 5 East of the 6th P. M. The
appellants purchased the southeast quarter of Section
13 in this township sometime in 1950 and moved thereon
in January 1951. They have lived on this farm ever
since, making it their home.

There is an east-west township road along the south
side of this farm. The improvements on the farm,
which are substantial and in good condition, are located
just north of this road in an area that is about 300 feet
wide, east and west, and east of a point some 650 feet
east of the southwest corner thereof. We shall refer
to the area on which these improvements are located as
the farmyard.

Across the section line to the south of this farmyard
is an area in the northeast quarter of Section 24 of
some 15 to 19 acres that drains to the north and forms
a small swale just south of the section line. The col-
lected surface water coming into this swale did, when
the area was in its natural state, flow therein north and
across the section line. After doing so this water would
then flow northeast across the area where the improve-
ments are now located on appellants' farm, entering it
somewhere near the southwest corner thereof. This
drainage to the north was caused by a slight rise in the
lay of the land just to the east of the swale and south
of where the house has now been placed on appellants'
land, which is near the southeast corner of their farm-
yard. Water coming from the west in the ditch on the

north side of the road also flows northeasterly across appellants' farmyard as there is no ditch on the north side of the road in front of it wherein this water can flow on to the east.

When the township road obstructing this natural flow was first built the record does not disclose. However, when it was built a culvert was placed therein at about the point where the swale is located, thus permitting the water coming to the road in the swale to flow to the north as it had always done in its natural state. This culvert was inspected by those in charge of the road as late as January 3, 1951, and found to be open and in good condition. It consisted of a tube 30 inches in diameter and 36 feet long. It is evident this tube is no longer in the road. Just when it disappeared is not shown by the record, although its disappearance was officially noted by those in charge of the road on January 6, 1956.

There is another culvert across the township road south of appellants' farm. It is located some 200 feet east of appellants' farmyard. Water flows through this culvert from south to north and then onto and across appellants' farm. In the fall of 1956 the Oak Creek township board decided to clean out this culvert, fill over it, and do some grading on this road from this culvert east. For this purpose one of the board members contacted Ermin Benes, a brother-in-law of the appellant John L. Walla, and contracted with him to do the work, which he did. However, while doing this work Benes used his dozer to cut a substantial ditch along the south side of the road through the rise, or saddle, to which we have already referred. This ditch was cut through this rise or saddle by Benes without authority as he had not been directed to do it by either the board or any of its members. It was solely the act of Benes. The cutting of this ditch damaged the farm to the south of this road and permitted all water approaching the road from the south in the swale, which we have already referred

to herein, to flow east to the culvert under the road located to the east of appellants' farmyard. Doing so will eventually cause erosion to the farmland to the south thereof.

When this situation came to the attention of the members of the board they immediately took action to restore the situation to its former condition by placing a culvert, consisting of a 24-inch tube, across the road at about the point where a culvert had formerly been. This action was then brought by appellants to prevent the board from doing so.

"Surface water is that which is diffused over the surface of the ground, derived from falling rains or melting snows, and continues to be such until it reaches some well-defined channel in which it is accustomed to and does flow with other waters." Schomberg v. Kuther, 153 Neb. 413, 45 N. W. 2d 129. See, also, Mader v. Mettenbrink, *supra.*

"The upper owner of land has the right, without interference, to have the flow of surface water follow along a well-defined watercourse from his land." McGill v. Card-Adams Co., 154 Neb. 332, 47 N. W. 2d 912.

"Where surface water resulting from rain and snow flows in a well-defined course, whether it be a ditch, swale, or draw in its primitive condition, its flow cannot be arrested or interfered with by a landowner to the injury of neighboring proprietors." McGill v. Card-Adams Co., *supra.* See, also, Town of Everett v. Teigeler, *supra;* Schomberg v. Kuther, *supra;* Bussell v. McClellan, 155 Neb. 875, 54 N. W. 2d 81.

"It is the duty of those who build structures across natural drainways to provide for the natural passage through such obstruction of all waters which may be reasonably anticipated to drain there. This is a continuing duty." McGill v. Card-Adams Co., *supra.* See, also, Town of Everett v. Teigeler, *supra;* Mader v. Mettenbrink, *supra;* Clare v. County of Lancaster, 160 Neb. 622, 71 N. W. 2d 190; Purdy v. County of Madison, 156

Neb. 212, 55 N. W. 2d 617. As stated in Clare v. County of Lancaster, *supra:* "The counties had the right to reconstruct this highway in 1949. No one questions this right. This they did. In this it was their right and duty to provide for the flow of the water as it was wont to flow in the course of nature theretofore." The same is true here.

"Where water, be it surface water, the result of rain or snow, or the water of springs, flows in a well-defined course, be it ditch or swale or draw in its primitive condition, and seeks its discharge in a neighboring stream, its flow cannot be arrested or interfered with by a landowner to the injury of the neighboring proprietors, and what a private proprietor may not do neither can the public authorities, except in the exercise of the right of eminent domain." Roe v. Howard County, 75 Neb. 448, 106 N. W. 587, 5 L. R. A. N. S. 831. See, also, Purdy v. County of Madison, *supra;* Leaders v. Sarpy County, 134 Neb. 817, 279 N. W. 809.

Applying the foregoing principles to the factual situation here present we find the trial court came to the correct conclusion for, under the factual situation here present, it was the duty of the officers of Oak Creek Township to provide for the flow of the water coming down this swale as it was wont to flow in the course of nature. Nor did appellants obtain any rights by reason of the fact that the culvert was apparently not in the road for some years for, as stated in Roe v. Howard County, *supra:* "An easement by prescription can be acquired only by an adverse user for ten years, * * *." See, also, Mader v. Mettenbrink, *supra.*

Having come to the same conclusion as the trial court, we affirm the judgment it rendered.

AFFIRMED.